Cheryl COUDERT, Plaintiff–Appellant,

v.

JANNEY MONTGOMERY SCOTT, LLC., Defendant–Appellee.

No. 05–4200.

United States Court of Appeals, Second Circuit.

March 3, 2006.

882

Andrew B. Bowman, Westport, CT, for Appellant.

John G. Stretton, Palmer & Dodge, LLP, (Marc L. Zaken, Edwards Angell), Stamford, CT, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

Cheryl Coudert appeals from a decision and order of the district court granting summary judgment pursuant to Federal Rule of Civil Procedure 56 in favor of Janney Mongtomery Scott, L.L.C. ("JMS"). The court dismissed Coudert's claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, finding almost all of the incidents of discrimination alleged by Coudert to be time-barred because Coudert had not filed a complaint with the Equal Employment Opportunity Commission within 300 days of the dates of those incidents as required by 42 U.S.C. § 2000e–5(e) and 29 U.S.C. § 626(d)(2). With respect to the non-time-barred incidents, the court found that Cou-

dert had failed to adduce evidence from which a reasonable juror could conclude that those employment actions were taken because of her sex or age. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

We review a district court's decision to grant a summary judgment motion *de novo*. In so doing, we "view the facts in the light most favorable" to the party against whom summary judgment is sought, *Island Software & Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir.2005), and we "draw all reasonable inferences in [that party's] favor." *Id.* Summary judgment may not be granted unless there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

On appeal, Coudert does not dispute the district court's conclusion that the earlier alleged incidents are in and of themselves not actionable because time-barred. Instead, she argues that the district court should have considered the time-barred incidents as "background evidence" of the later discriminatory treatment she suffered. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Even if such earlier incidents were considered for that purpose, however, Coudert's claims would fail. The only incident that could even arguably be construed as somehow relevant to Coudert's age or sex was one comment, allegedly made to her by her manager, that Coudert was "the worst victim type in the office." But this statement does not directly refer to either her age or sex. Nor is Coudert's attempt

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

to link the earlier conduct at the Darien office to the later conduct at the Fairfield office, on the ground that decisions at both offices were made at the main office in Philadelphia, supported by the evidence. The only evidence Coudert offers of such alleged coordination is a memorandum faxed to her from JMS's Philadelphia office of JMS in November 1999. This memorandum, which assigned Coudert to a shared office, is not evidence of discriminatory motivation.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.